IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MONTALTO </br></br> Plaintiff, </br></br> vs. </br></br> NATIONWIDE CREDIT AND COLLECTION, INC., </br></br> Defendant. | Case No. 1:21-cv-01727 |

**COMPLAINT**

NOW COMES Plaintiff, MARK MONTALTO ("Plaintiff"), by and through his undersigned counsel, and submits the following Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"):

**I. Parties, Jurisdiction and Venue**

1. Plaintiff is a citizen of the State of Illinois and resides in the Northern District of Illinois.

2. Defendant Nationwide Credit and Collection, Inc. ("NCC" or "Defendant") is an Illinois corporation and holds a collection agency license with the State of Illinois.

3. NCC engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

4. NCC regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another.

5. NCC is a "debt collector" as defined by Section 1692a(6) of the FDCPA.

6. NCC's primary business is the collection of defaulted medical debts from consumers where the consumers in question received medical care rendered by hospitals, clinics and physician groups.

7. Federal court jurisdiction exists pursuant to § 1692k(d) of the FDCPA.

8. Venue is proper in this District because Defendant's collection activities occurred in this District by and through the transmission of collection letters mailed to Plaintiff in relation to medical services rendered to Plaintiff within this District.

II. **Background Facts**

9. In 2018 and 2019 Plaintiff received medical care from DuPage Medical Group which resulted in Plaintiff owing certain funds to DuPage Medical Group where certain aspects of the medical treatment were covered or reimbursed by insurance.

10. Prior to Defendant sending collection letters to Plaintiff in an attempt collect funds that Plaintiff allegedly owes to DuPage Medical Group, Plaintiff entered into a payment arrangement with DuPage Medical Group.

11. Plaintiff's payment arrangement with DuPage Medical Group began in early 2020 where Plaintiff agreed to make automated payments of $84.00 per month to DuPage Medical Group to pay down the subject medical debts (hereafter "Subject Debt").

12. Plaintiff made automated payments of $84.00 to DuPage Medical Group to pay down the Subject Debt on or about January 22, 2020, February 13, 2020 and March 16, 2020.

13. As a result of financial difficulties further impacted by the emergence of Covid-19, Plaintiff's wife contacted DuPage Medical Group and informed the person she spoke with that Plaintiff needed to stop making automated payments for a period of time due to financial difficulties. During this call, Plaintiff's wife explained that Plaintiff would continue (for a period of time) to pay as much as he could to continue to pay down the Subject Debt.

14. Thereafter, to pay down the Subject Debt, Plaintiff made a payment of $50.00 to DuPage Medical Group on or about April 27, 2020. Plaintiff made another

$50.00 payment on or about June 1, 2020. Thereafter, on or about July 6, 2020, and August 6, 2020, Plaintiff sent payments of $25.00 to DuPage Medical Group.

15. On or about September 9, 2020, Plaintiff's wife set up a revised automated payment plan to pay down the Subject Debt.

16. Thereafter, on or about September 10, 2020, Plaintiff paid $63.20 to DuPage Medical Group to pay down the Subject Debt.

17. On or about October 13, 2020, Plaintiff paid $63.24 to DuPage Medical Group to pay down the Subject Debt.

18. On or about December 14, 2020, Plaintiff paid $63.24 to DuPage Medical Group to pay down the Subject Debt.

19. The Subject Debt is a "debt" as this term is defined at § 1692a(5) of the FDCPA because the medical debt is a financial obligation or alleged obligation arising out of a transaction in which medical services were provided to Plaintiff for personal reasons.

20. Plaintiff is a consumer as the term "consumer" is defined by Section 1692a(3) of the FDCPA as Defendant views Plaintiff as a natural person obligated or allegedly obligated to pay for personal medical services.

21. Plaintiff budgeted finite funds to help pay down his medical debt consistent with the payment arrangement he entered into with DuPage Medical Group.

22. In agreeing with DuPage Medical Group to set aside finite funds to help pay down his medical debt with DuPage Medical Group, Plaintiff declined to pay down other debts.

23. Despite Plaintiff and DuPage Medical Group agreeing to monthly payment arrangements and making payments consistent with his payment arrangement with his

medical provider, Defendant has ignored the payment arrangement and has unlawfully demanded full payment of the subject medical debt.

24. Defendant ignored Plaintiff's payment plan when it sent a collection letter to Plaintiff where the collection letter was dated August 14, 2020.

25. As true and accurate image of the August 14, 2020 letter is depicted below:



26. On information and belief, Defendant did not mail the August 14, 2020 letter to Plaintiff on the date of August 14, 2020.

27. Plaintiff did not receive the August 14, 2020 letter until on or about August 24, 2020.

28. As depicted by the above image, the August 14, 2020 letter included a heading which stated as follows:

**NOTICE OF COLLECTION**
OUR CLIENT'S RECORDS INDICATE
THE AMOUNT DUE IS NOT YOUR RESPONSIBILITY
WE OFFER SEVERAL PAYMENT OPTIONS

29. The August 14, 2020 letter stated that Plaintiff owed DuPage Medical Group $870.84.

30. The purported balanced of $870.84 does not appear to have reflected Plaintiff's most recent payment(s) to DuPage Medical Group.

31. After receiving the August 14, 2020 letter, Plaintiff's wife called Defendant to inform Defendant that Plaintiff was staying current with a payment plan agreed to with DuPage Medical Group.

32. Plaintiff's wife also informed Defendant that Defendant was not correctly reflecting the amount currently owed to DuPage Medical Group.

33. The August 14, 2020 letter was mailed to Plaintiff inside of an envelope that utilized a glassine window.

34. The formatting of the August 14, 2020 envelope and the size of the glassine window of the envelope used to mail the letter allowed Plaintiff's personal information and the fact that he owed a debt to DuPage Medical Group to be revealed to third parties.

35. In particular, the glassine window of the envelope that enclosed the August 14, 2020 letter revealed Plaintiff's name and status as a "Patient" and the letter indicated that he owed an "Amount Due".

5

36. The glassine window also revealed a QR code which (on information and belief) contained Plaintiff's personal information.

37. In a letter dated November 9, 2020, Defendant claimed that Plaintiff owed $736.53 to DuPage Medical Group.

38. A true and accurate image of the November 9, 2020 letter is depicted below:



39. On information and belief, the November 9, 2020 letter was not mailed to Plaintiff on November 9, 2020.

40. Instead, the letter was received by Plaintiff on or about November 20, 2020.

41. As depicted above, the November 9, 2020 letter informed Plaintiff that Defendant intended to credit report the Subject Debt.

42. The heading of the November 9, 2020 letter stated, "**Notice of Scheduled Credit Bureau Reporting**".

43. The body of the November 9, 2020 letter stated:

> The account(s) with asterisk (*) on the reverse side of this notice is/are scheduled to be reported to the Experian Credit Bureau in 30 days. Please remit payment or contact our offices and make payment arrangements to avoid this action from taking place.

44. Defendant's threat to report the subject debt to Experian Credit Bureau was contrary to the payment arrangement Plaintiff entered into DuPage Medical Group.

45. Defendant has credit reported the Subject Debt to Experian.

46. The November 9, 2020 collection letter stated that Plaintiff owed $736.53.

47. The letter, however, did not reflect Plaintiff's most recent payment(s) to DuPage Medical Group.

48. The November 9, 2020 collection letter threatened to credit report the subject medical debt to Experian Credit Bureau despite Plaintiff entering into a payment arrangement with DuPage Medical Group and making the promised payments.

49. After receiving the November 9, 2020, Plaintiff's wife called Defendant to complain that the Subject Debt should not be credit reported because Plaintiff was staying current with a payment plan agreed to with DuPage Medical Group.

50. Plaintiff's wife also informed Defendant that Defendant was not correctly reflecting the amount currently owed to DuPage Medical Group.

51. Despite being contacted by Plaintiff's wife, and despite being informed that Plaintiff was paying down the debt by way of an agreed payment plan with DuPage Medical Group, Defendant credit reported the Subject Debt as being in collections (a so-called "Derogatory Account") and failed to properly identify the amount currently owed.

52. Despite being contacted by Plaintiffs' wife, and despite being informed that Plaintiff was paying down the debt by way of an agreed payment plan, Defendant has continued to credit report the Subject Debt as being in collections.

53. With limited funds, Plaintiff has been harmed by Defendant's actions because Plaintiff would have never entered into payment arrangements and made payments to DuPage Medical Group if he knew that Defendant would disregard the payments made by Plaintiff.

54. With limited funds, Plaintiff has been harmed by Defendant's actions because Plaintiff would have never entered into payment arrangements and made payments to DuPage Medical Group if he knew that Defendant would disregard the payment arrangement and payments made by Plaintiff and credit report the subject debt.

55. Plaintiff would never have agreed to enter into the subject payment arrangements and make payments towards the subject debt with DuPage Medical Group if he had known that Defendant would ignore his payment arrangement and payments made to DuPage Medical Group by seeking an acceleration of the balance owed.

56. Plaintiff suffered a real injury as a result of utilizing his finite funds to pay down the subject debt, only to have Defendant disregard the payment arrangement that Plaintiff entered into with DuPage Medical Group.

57. Plaintiff has also been injured as a result of Defendant ignoring his payment arrangements with his medical provider where Defendant's credit reporting of

the subject debt has lowered Plaintiff's credit score and has otherwise hindered Plaintiff's ability to obtain the most favorable credit lines.

### III. Violations of the FDCPA

#### Count I – Violations of Sections 1692e of the FDCPA

58. Plaintiff realleges and reasserts Paragraphs 1-57 as if fully set forth below.

59. Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive or misleading representation or means in connection with the collection of any debt".

60. Defendant's collection letters and actions constituted false, deceptive and/or misleading representations or means in connection with collection of the Subject Debt.

61. Defendant violated Section 1692e of the FDCPA when its collection letters ignored Plaintiff's payment arrangement with DuPage Medical Group and the payments that Plaintiff made to DuPage Medical Group and when Defendant's collection letters attempted to collect an improper/inaccurate amount.

62. Defendant also violated Section 1692e of the FDCPA by credit reporting the Subject Debt as derogatory and in collections when Plaintiff had entered into a payment arrangement with DuPage Medical Group and Plaintiff was making payments to DuPage Medical Group.

**Wherefore**, as a result of Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages and reasonable attorney's fees and costs resulting from Defendant's violations of the FDCPA.

#### Count II – Violations of Sections 1692e(2)(A) of the FDCPA

63. Plaintiff realleges and reasserts Paragraphs 1-57 as if fully set forth below.

64. As noted above, Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive or misleading representation or means in connection with the collection of any debt". Read in conjunction with Section 1692e, Section 1692e(2)(A) prohibits the use of any "false, deceptive or misleading representation or means in connection with" any representation or collection effort regarding the "character, amount or legal status of any debt."

65. Defendant's collection letters and actions constituted false, deceptive and/or misleading representations or means in connection with collection efforts regarding the character, amount and/or legal status of the Subject Debt.

66. Defendant violated Section 1692e(2)(A) of the FDCPA when its collection letters ignored Plaintiff's payment arrangement with DuPage Medical Group and the payments that Plaintiff made to DuPage Medical Group and when Defendant's collection letters attempted to collect an improper/inaccurate amount.

67. Defendant also violated Section 1692e(2)(A) of the FDCPA by credit reporting the Subject Debt as derogatory and in collections when Plaintiff had entered into a payment arrangement with DuPage Medical Group and Plaintiff was making payments to DuPage Medical Group.

**Wherefore**, as a result of Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages and reasonable attorney's fees and costs resulting from Defendant's violations of the FDCPA.

**Count III – Violations of Sections 1692e(8) of the FDCPA**

68. Plaintiff realleges and reasserts Paragraphs 1-57 as if fully set forth below.

69. Section 1692e(8) of the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information

10

which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

70. Despite Plaintiff and his medical provider agreeing to monthly payment arrangements and making payments consistent with his payment arrangement with DuPage Medical Group, Defendant violated Section 1692e(8) by threatening to credit report the subject debt as being delinquent despite the fact that Plaintiff had entered into payment arrangement with DuPage Medical Group.

71. Despite Plaintiff and his medical provider agreeing to monthly payment arrangements and making payments consistent with his payment arrangement with DuPage Medical Group, Defendant violated Section 1692e(8) by *reporting* the subject debt as delinquent despite the fact that Plaintiff had entered into payment arrangement with DuPage Medical Group.

72. Defendant has also violated Section 1692e(8) of the FDCPA by failing to disclose that Plaintiff had disputed the manner in which Defendant was credit reporting the debt where Plaintiff had entered into a monthly payment arrangements with DuPage Medical Group where Plaintiff was submitting payments to DuPage Medical Group consistent with his payment arrangement.

**Wherefore**, as a result of Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages and reasonable attorney's fees and costs resulting from Defendant's violations of the FDCPA.

### Count IV – Violations of Sections 1692e(10) of the FDCPA

73. Plaintiff realleges and reasserts Paragraphs 1-57 as if fully set forth below.

74. Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

75. Defendant's collection letters and actions constituted false representations and deceptive means to collect or attempt to collect the Subject Debt.

76. Defendant violated Section 1692e(10) of the FDCPA when its collection letters ignored Plaintiff's payment arrangement with DuPage Medical Group and the payments that Plaintiff made to DuPage Medical Group and when Defendant's collection letters attempted to collect an improper/inaccurate amount.

77. Defendant also violated Section 1692e(10) of the FDCPA by credit reporting the Subject Debt as derogatory and in collections when Plaintiff had entered into a payment arrangement with DuPage Medical Group and Plaintiff was making payments to DuPage Medical Group.

78. Defendant's threat of credit reporting was

**Wherefore**, as a result of Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages and reasonable attorney's fees and costs resulting from Defendant's violations of the FDCPA.

### Count V – Violations of Section 1692f(8) of the FDCPA

79. Plaintiff realleges and reasserts Paragraphs 1-57 as if fully set forth below.

80. Defendant violated the FDCPA by sending a collection letter to Plaintiff where the glassine envelope that transmitted the collection letter improperly disclosed to third-parties that Defendant was attempting to collect a medical debt from Plaintiff.

81. The glassine envelope and enclosed letters were "communication[s]" as this term is defined at § 1692a(2) of the FDCPA.

82. Section 1692f(8) of the FDCPA prohibits debt collectors from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

83. The subject envelopes violated Section 1692f(8) by revealing language other than the debt collector's address. *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020).

84. The above disclosures violated Plaintiff's privacy rights as provided by the FDCPA.

85. The glassine envelope which was used to mail the subject collection letter also displayed a QR code and Plaintiff's account number to third parties in violation of the privacy rights afforded by the FDCPA.

86. Plaintiff was upset, ashamed and humiliated by the fact that the subject envelope revealed to third parties that he allegedly owed a medical debt that was subject to collections – where Plaintiff had entered into a payment agreement with DuPage Medical Group and he was committed to paying off his medical debt.

**Wherefore**, as a result of Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages and reasonable attorney's fees and costs resulting from Defendant's violations of the FDCPA.

## JURY DEMAND

Plaintiff demands trial by jury.

DATED: March 30, 2021

Respectfully submitted,

Counsel for Plaintiff MARK MONTALTO

/s/ *James C. Vlahakis*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181
jvlahakis@sulaimanlaw.com